IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Larry Michael Slusser, | ) | Case No. 0:19-cv-01759-DCC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Acting Warden Vereen, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner, proceeding pro se, is seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On July 22, 2019, the Magistrate Judge issued a Report recommending that the Petition be dismissed without prejudice and without requiring Respondent to file a Return. ECF No. 6. The Magistrate Judge advised Petitioner of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. Petitioner filed objections and a motion to amend his petition. ECF Nos. 8, 10.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the

1

Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

The Magistrate Judge recommends dismissal because this Court lacks jurisdiction over the Petition. She found that Petitioner failed to meet the savings clause of 28 U.S.C. § 2255(e). Petitioner objects and argues that his Petition should be allowed because he was precluded from presenting his claim to the Sixth Circuit Court of Appeals as a result of his appellate waiver. Accordingly, he asserts that § 2255 is inadequate to test the legality of his detention.

In order to challenge a federal sentence or conviction through § 2241, a petitioner must show under the savings clause of § 2255(e) that a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e). The Fourth Circuit Court of Appeals has held a § 2255 motion is inadequate or ineffective to test the legality of a prisoner's sentence when:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255

2

> motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018).  Here, Petitioner cannot meet the third prong.  As he states in his Petition, he has already met the gatekeeping provisions of § 2255(h)(2) for second and successive motions.  Moreover, as noted by the Magistrate Judge, the fact that his arguments were rejected does not make a § 2255 motion an inadequate or ineffective remedy.  *See In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision.").  Accordingly, this Court lacks subject matter jurisdiction over the Petition.

Thus, the Court adopts the Report of the Magistrate Judge.  The Petition is **DISMISSED** without prejudice and without requiring the Respondent to file a Return.  Because this defect cannot be cured by amendment at this time, Petitioner's motion to amend [10] is **DENIED**.

**IT IS SO ORDERED.**

s/ Donald C. Coggins, Jr.
United States District Judge

August 19, 2019
Spartanburg, South Carolina

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.