IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| Larry Michael Slusser, | ) | Case No. 0:19-cv-01759-DCC |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| Acting Warden Vereen, | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's Motions for Reconsideration of the Order entered August 19, 2019, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure and to Take Judicial Notice. ECF Nos. 16, 17. In its prior Order, the Court adopted the Report and Recommendation of the Magistrate Judge dismissed the Petition without prejudice. ECF No. 13. For the reasons stated below, the Court denies Petitioner's Motion for Reconsideration.[1]

## **APPLICABLE LAW AND ANALYSIS**

*Rule 59(e)*

Rule 59 of the Federal Rules of Civil Procedure allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening

---

[1] The Report and Recommendation issued by the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.) contains a thorough recitation of the relevant factual and procedural background of this matter, which is incorporated herein by reference. *See* ECF No. 6.

change in the controlling law, (2) new evidence that was not available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these three grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds*, C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

***The Court's Review***

Petitioner contends that the Court misunderstood his objection to the Report. He states that he was not arguing that he was unable to present his claim to the Sixth Circuit Court of Appeals but, rather, argued that the Sixth Circuit incorrectly dismissed his petition before reaching the merits of his claim as a result of his appellate waiver.[1] The Magistrate Judge provided a thorough recitation of the facts, including the relevant rulings of the Sixth Circuit with respect to Petitioner's case. Petitioner alleged in his Petition and in his

---

[1] The Court notes that the Sixth Circuit has since determined that appellate waivers do not prohibit a petitioner from challenging his designation as a career offender under the Armed Career Criminal Act and specifically refers to Petitioner's case as an example of their prior erroneous rulings. *See Vowell v. U.S.*, 2019 WL 3850144 (6th Cir. July 12, 2019). However, that ruling does not operate to confer jurisdiction upon this Court

2

Motion for Reconsideration that he was unable to present the merits of his claim to the Sixth Circuit. However, as explained in the Report and the Order, Petitioner has not met the savings clause of 28 U.S.C. § 2255(e).

## **CONCLUSION**

Accordingly, Petitioner's Motion for Reconsideration [17] is **DENIED**. Petitioner's Motion to Take Judicial Notice [16] is **FOUND as MOOT**.

IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.<br>
United States District Judge

October 2, 2019
Spartanburg, South Carolina

## **NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.